IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE HRDINA,

    Plaintiff,

  v.

WACHOVIA MORTGAGE, a division of Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank, Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB; and DOES 1 through 6, inclusive,

    Defendants.
    /

No. C 11-05173 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND VACATING HEARING**

    In this foreclosure action, *pro se* plaintiff George Hrdina moves for a temporary restraining order to enjoin defendants from continuing with foreclosure proceedings. For the reasons stated below, plaintiff's motion for a temporary restraining order is **DENIED** and the hearing scheduled for August 9 is **VACATED**.

    Plaintiff filed this action in August 2011 claiming fraud, breach of contract, and TILA violations. In January 2012, defendants' motion to dismiss was granted in part and denied in part. Now, plaintiff's remaining claims are for TILA violations for failure to clearly and conspicuously inform plaintiff of the interest rates upon which the payment schedule was based and the possibility of negative amortization.

To prevail on a temporary restraining order, plaintiff must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). Plaintiff has failed to meet his burden.

Plaintiff has not demonstrated a likelihood of imminent harm. No notice of default has been recorded against plaintiff's property (Holt Decl. ¶ 4, Exh. A). Moreover, even after a notice of default is filed, California imposes waiting and redemption periods before foreclosure can proceed. *See, e.g.*, Cal. Civ. Code §§ 2923.5(a)(1), 2924(a)(2). Plaintiff has not alleged that defendants are trying to physically evict him. Plaintiff's sole evidence of future foreclosure is a "Notice of Intent to Foreclose" letter sent to plaintiff by defendants' successor-in-interest, Wells Fargo Home Mortgage, on April 12, 2012. The letter notes that plaintiff is 13 months behind on his payments and that "the lender may seek foreclosure, which may result in the forced sale of the property" (Dkt. No. 53 Exh. C). The letter also lists options for loan modification and counseling. Again, this letter is not a notice of default, which must be filed before foreclosure proceedings can begin.

Plaintiff has not demonstrated likely success on the merits. Plaintiff's action is based on defendants' alleged failure to inform plaintiff about negative amortization. However, in the record are agreement forms signed by plaintiff acknowledging the possibility of negative amortization and explaining the consequences (Dolan Decl. Exhs. C, D, E). Plaintiff has not argued that he did not understand the forms he signed.

For the reasons stated above, plaintiff's motion for a temporary restraining order is **DENIED** and the hearing scheduled for August 9 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 23, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2